IN THE UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

STEPHEN SHEPPARD and DONNA SHEPPARD, his wife,

Plaintiffs,

CASE NO.:

-vs-

UNITED STATES OF AMERICA,

Defendant.
_______________________________/

**COMPLAINT**

COME NOW, Plaintiffs, STEPHEN SHEPPARD and DONNA SHEPPARD, his wife, by and through the undersigned counsel and hereby sue Defendant, UNITED STATES OF AMERICA, and allege as follows:

1. This is an action being brought against Defendant, UNITED STATES OF AMERICA, pursuant to the Federal Tort Claims Act, 28 U.S.C. § 2672, et. seq. as hereinafter more fully appears.

2. This Court has jurisdiction over Defendant, UNITED STATES OF AMERICA, and the claims relating to said Defendant, pursuant to 28 U.S.C. § 1346 (b) (1), in that it involves a claim for personal injury caused by the negligence or wrongful act or omission of employees of the United States of America.

3. On or about June 18, 2013, a Form 95 Administrative Claim for damage and injury was sent to Bay Pines VA Medical Center, P.O. Box 5005, Bay Pines, Florida, and to the Department of Veteran's Affairs, Office of General Counsel, 801 Vermont Avenue West, Washington, DC, alleging medical malpractice. More than six (6) months have passed since the

administrative claim was presented. Acknowledgment of receipt of the Form 95 for personal injury as a result of medical malpractice was received by the Office of General Counsel on July 8, 2013. A copy of the Form 95 Administrative Claim is attached hereto as Exhibit "A." A copy of the letter acknowledging receipt of Form 95 is attached hereto as Exhibit "B."

4. On January 13, 2014, Plaintiff's FTCA claim was denied.

5. Plaintiff, Stephen Sheppard, was seen as a patient at the Bay Pines VA Medical Center, which is a federally supported Veteran's Hospital.

6. Additionally, a Notice of Intent to Initiate Litigation was also mailed, via certified mail, to Bay Pines VA Medical Center, P.O. Box 5005-16A1, Bay Pines, Florida, on January 15, 2014. Ninety (90) days since the receipt of that notice has passed.

7. At all times material hereto, Plaintiff, Stephen Sheppard, while a patient with Bay Pines VA Medical Center, received treatment from agents and/or employees of the United States of America, Ossama Hemadeh, M.D. and Aaron McQuirt, M.D.

8. All conditions precedent to the bringing of this action against Defendant, United States of America, have been performed or have been waived. Specifically, this is an action against said Defendant arising out of medical negligence and Plaintiffs have complied with the provisions of Florida Statutes, Chapter 766. More specifically, Plaintiffs have complied with the provisions of Florida Statutes, §766.106, by serving upon the named defendant herein, by certified mail, a Notice of Intent to initiate a claim for medical malpractice.

9. Pursuant to Florida Statutes, §766.104, the undersigned attorney hereby certifies that a reasonable investigation has been conducted by the undersigned attorney and that such reasonable investigation has given rise to a good faith belief that grounds exist in this action for a claim of medical negligence against the Defendant.

10. Plaintiffs' counsel has received a corroborating written opinion from an expert as defined by Florida Statutes, §766.102, that there exists evidence of medical negligence and said affidavit has been provided to the named Defendant herein.

11. On or about November 18, 2011, Plaintiff, Stephen Sheppard, underwent a left inguinal hernia repair at Bay Pines VA Medical Center.

12. During the course of the preoperative testing, a CT scan of the abdomen was performed which revealed a solid mass of the right kidney measuring 3.8 cm consistent with a renal cell carcinoma.

13. The presence of a kidney mass was also noted by the attending surgeon, Dr. McQuirt, in the consultation report.

14. Mr. Sheppard's primary care physician was not notified of the incidental finding of a kidney mass on CT and there was no consultation to urology for follow up of the kidney mass.

15. On November 20, 2011, Plaintiff, Stephen Sheppard, was discharged home without being notified that of the kidney mass evident on his CT scan.

16. In March 2013, Plaintiff, Stephen Sheppard, is noted with a lung mass on x-ray and ultimately diagnosed with Non-Small Cell Lung Carcinoma with brain metastasis and a kidney lesion, most likely renal cell carcinoma.

17. Plaintiff, Stephen Sheppard, has an extremely diminished life expectancy.

18. All times material hereto, Plaintiffs were husband and wife and were residents of Pinellas County, Florida.

## COUNT I

**(Liability of United States of America)**

19. Plaintiffs adopt and reallege each and every allegation set forth in Paragraphs 1 through 18 of the general allegations and make them a part of this Count I.

20. At all times material hereto, Bay Pines VA Medical Center, provided care and treatment to Plaintiff, Stephen Sheppard, as alleged herein, via their employees, including but not limited to, Ossama Hemadeh, M.D. and Aaron McQuirt, M.D., and owed a duty of care to Plaintiff, Stephen Sheppard, to provide medical care and treatment which met the prevailing professional standard of care. The United States of America is liable for any medical malpractice causing personal injury committed by the employees of this federal facility.

21. Dr. Hemadeh, Dr. McQuirt and Bay Pines VA Medical Center and The United States of America, through its employees were negligent and deviated from the acceptable standard of care, as alleged herein, in the following ways:

a) Failing to properly relay finding of CT scan to the patient.

b) Failing to timely and adequately arrange urology/oncology referral/consultation for kidney mass identified on CT scan.

c) Failing to timely and adequately treat/evaluate kidney mass resulting in delay in diagnosis of lung cancer.

22. As a direct and proximate result of the negligence set forth herein, Plaintiff, Stephen Sheppard, has suffered severe and permanent bodily injury and resulting pain and suffering, disability, diminished chance of survival, disfigurement, mental anguish, loss of the capacity for the enjoyment of life, the expense of hospitalization, medical and nursing care and treatment, loss of earnings, loss of the ability to earn money, and aggravation of a previously existing condition. Said damage and losses are permanent and continuing in nature. As a result

of the injuries and damages sustained by her husband, Stephen Sheppard, Plaintiff, Donna Sheppard, has suffered the loss of her husband's consortium, comfort, services and support. Said losses and damages are permanent and continuing in nature.

WHEREFORE, Plaintiffs, Stephen Sheppard and Donna Sheppard, demand judgment for damages against the Defendant, UNITED STATES OF AMERICA, for compensatory damages, costs, prejudgment interest on medical bills, and such other relief as this Court deems just.

Dated: 06-12-2014

Russell E. Artille, Esquire
Morgan & Morgan, Tampa, P.A.
One Tampa City Center
201 N. Franklin Street, 7th Floor
Tampa, FL 33602
Tele: (813) 223-5505
Fax: (813) 223-5402
Florida Bar #: 0561290
Attorney for Plaintiff